UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DOROTHY VAGHELA-OMANOFF,
                              Plaintiff,

-v-

RYDER TRUCK RENTAL, INC. and
PHILLIP WIGGINS,
                              Defendants.

19-CV-4390 (JPO)

OPINION AND ORDER

---

J. PAUL OETKEN, District Judge:

On May 14, 2019, Defendants removed this case to this Court from New York state court, invoking federal diversity jurisdiction pursuant to 28 U.S.C. § 1332. Because the notice of removal does not adequately establish that the amount in controversy exceeds $75,000, the Court concludes that it lacks subject matter jurisdiction. Accordingly, as explained further below, this case is remanded to state court *sua sponte*.

**I.     Background**

Plaintiff Dorothy Vaghela-Omanoff, through counsel, filed a complaint in New York Supreme Court, New York County, on April 2, 2019, alleging that Defendants Ryder Truck Rental, Inc. ("Ryder") and Phillip Wiggins negligently caused a motor vehicle accident, resulting in injury to Plaintiff. (Dkt. No. 4-1.) Plaintiff claims that she suffered "serious, severe, and permanent injuries" and "great physical and mental pain" as a result of the accident. (Dkt. No. 4-1 ¶ 42.) Plaintiff's complaint "demands judgment both compensatory and exemplary in an amount exceeding the jurisdictional limits of all lower Courts" (*id.* ¶ 49), but does not include a specific damages amount.

Defendants filed a Notice of Removal in this Court on May 14, 2019, and a corrected Notice of Removal on May 15, 2019. (Dkt. Nos. 1, 4.) The Notice alleges that there is complete

diversity of citizenship between the parties based on the facts that (a) Plaintiff is a citizen of New York, (b) Ryder is a Florida corporation with a principal place of business in Florida, and (c) Wiggins is a citizen of North Carolina. (Dkt. No. 4 ¶ 3.) With respect to the amount-in-controversy requirement, the Notice states as follows:

> The plaintiff alleges personal injuries. The addendum [*sic*] demands both compensatory and exemplary damages in an amount which exceeds the jurisdictional limits of all lower Courts. Accordingly, the amount in controversy in this suit is in excess, exclusive of interest and costs, of $75,000.

(*Id*. ¶ 2.) Plaintiff has not appeared on the docket or filed a motion to remand.

## II. Discussion

"[F]ederal courts are courts of limited jurisdiction and, as such, lack the power to disregard such limits as have been imposed by the Constitution or Congress." *Purdue Pharma L.P. v. Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013) (internal quotation marks omitted). The "failure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000). Where an action has been removed from state court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall be remanded*." 28 U.S.C. § 1447(c) (emphasis added).

As relevant here, Congress has granted district courts original jurisdiction over cases between "citizens of different States" in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)(1). A removing party has the burden of establishing that "it appears to a 'reasonable probability' that the claim" exceeds $75,000. *Scherer v. Equitable Life Assurance Soc'y of the U.S.*, 347 F.3d 394, 397 (2d Cir. 2003) (quoting *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994)). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the

2

defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Lupo v. Human Affairs Int'l, Inc.*, 28 F.3d 269, 273-74 (2d Cir. 1994).

To be sure, it is not necessary for a removing defendant, at least in the first instance, to present *evidence* proving that the claim involves more than $75,000. As the Supreme Court has explained:

> [A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by [28 U.S.C.] § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation.

*Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 135 S. Ct. 547, 554 (2014). But there must at least be *plausible factual allegations* ― either in the underlying state court complaint or in the defendant's notice of removal ― supporting a determination that the value of the claim exceeds $75,000.

In this case, Defendants fail to meet their burden of establishing that the jurisdictional amount has been satisfied.

First, the state court complaint does not allege a damages amount. It contains boilerplate language claiming damages, with no detailed allegations about the facts or the nature of any injuries. (Dkt. No. 4-1 ¶ 42.)

Second, the Notice of Removal contains no factual allegations supporting any particular damages amount. It merely recites the state court complaint's allegation that the amount of damages "exceeds the jurisdictional limits of all lower Courts." (Dkt. No. 4 ¶ 2.) This is obviously a reference to the lower civil courts of New York (which may not entertain actions seeking more than $25,000). *See Woodley v. Mass. Mut.*, No. 08 Civ. 949, 2008 WL 2191767,

*2 (S.D.N.Y. May 23, 2008); *Wright v. JB Hunt Transp. Inc.*, No. 19 Civ. 2414, 2019 WL 1936725, *2 (E.D.N.Y. May 1, 2019). It is not a reference to federal district courts, any more than it is a reference to the courts of Thailand.

Third, while the state court complaint alleges that Plaintiff "has sustained economic loss greater than basic economic loss as defined in [New York] Insurance Law" (Dkt. No. 4-1 ¶ 43), that is not sufficient. New York Insurance Law defines "basic economic loss" as "up to fifty thousand dollars per person." N.Y. Ins. Law § 1502. This allegation therefore fails to meet the jurisdictional threshold. *Wright*, 2019 WL 1936725, *2 & n.1.

The circumstances of this case are virtually identical to those of *Wright v. JB Hunt Transport Inc.*, in which Judge Pamela Chen of the Eastern District of New York recently remanded a removed case for lack of subject matter jurisdiction. 2019 WL 1936725. This case must be remanded for the same reasons.

Of course, this decision does not preclude Defendants from removing this case in the future based on a proper showing of the amount in controversy. "[T]he removal clock does not start to run until the plaintiff serves the defendant with a paper that explicitly specifies the amount of monetary damages sought." *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 38 (2d Cir. 2010); *see* 28 U.S.C. § 1446(b)(3) & (c)(3). Until Plaintiff makes such a demand, or until Defendants plausibly allege facts showing a reasonable probability that the claim exceeds $75,000, this Court lacks subject matter jurisdiction.

### III. Conclusion

For the foregoing reasons, this case is remanded to New York Supreme Court, New York County, pursuant to 28 U.S.C. § 1447(c).

SO ORDERED.

Dated: May 21, 2019
       New York, New York

_____
J. PAUL OETKEN
United States District Judge